**USTRUST, United States Trust Company and UST Corporation, Plaintiffs**

v.

**UNITED STATES TRUST COMPANY OF NEW YORK, Defendant**

**No. CIV.A.99–12484–REK.**

United States District Court,
D. Massachusetts.

Aug. 27, 2002.

Mark G. Matuschak, Jeffrey B. Rudman, Richard W. O'Neill, Vinita Ferrera, Hale & Dorr, Boston, MA, for USTtrust, United States Trust Company, UST Corporation, Plaintiffs.

---

William L. Patton, Ropes & Gray, Boston, MA, I. Stephen Samuels, Samuels, Gauthier & Stevens, Boston, MA, Lee C. Bromberg, Kerry L. Timbers, Julia Huston, Lisa M. Fleming, Bromberg & Sunstein, Boston, MA, for United States Trust Company of New York, Defendant.

## Memorandum and Order

KEETON, District Judge.

### I. Pending Matters

Now pending before this court are the matters associated with the following filings:

(1) Defendant's Request for Clarification or Amendment of Judgment Entered July 24, 2002 (Docket No. 370, filed August 7, 2002);

(2) Defendant's Motion for Stay of Judgment Pending Appeal (Docket No. 371, filed August 7, 2002), with memorandum in support (Docket No. 372, filed August 7, 2002);

(3) Plaintiffs' Response to Request for Clarification and Suggested Modification of Proposed Order (Docket No. 373, filed August 21, 2002);

(4) Plaintiffs' Opposition to Motion for Stay of Judgment Pending Appeal (Docket No. 374, filed August 21, 2002);

(5) Defendant's Assented-to Motion for Leave to File Reply to Plaintiffs' Response to Request for Clarification and Suggested Modification of Proposed Order (Docket No. 375, filed August 23, 2002); and

(6) Defendant's Reply to Plaintiffs' Response to Request for Clarification and Suggested Modification of Proposed Order (Docket No. 376, filed August 23, 2002).

### II. Issues Regarding Judgment of July 23, 2002

Paragraph 3 of the original judgment read as follows:

(3) The plaintiffs are declared to be the owners of the marks USTRUST and UNITED STATES TRUST in Massachusetts and defendants are enjoined from use of those marks in the Commonwealth;

(Docket No. 369, entered on July 24, 2002).

The New York Entity now seeks a clarification or amendment of that portion of the judgment. (Docket No. 370). Specifically, the New York Entity states the following:

United States Trust Company of New York ("U.S. Trust New York"), hereby requests this Court to clarify or amend the Judgment entered in this case on July 24, 2002 ("the Judgment"), to indicate that the Judgment is not intended to enjoin U.S. Trust New York from engaging in the long-standing use of the marks in Massachusetts that [the Boston Entities do] not charge as infringing, and which the Court has not found to be likely to lead to confusion: (1) use in dealings with its Massachusetts customers, (2) use in national advertising not specifically directed to Massachusetts but nonetheless enters [sic] Massachusetts, and (3) use on the Internet.

(Docket No. 270 at 1).

The New York Entity attached a proposed form of order, along with a memorandum in support of its contentions. The Boston Entities respond that they

agree[ ] in principle with U.S. Trust New York's proposition that its use of United States Trust and USTrust marks (collectively, the "USTrust Marks") in connection with existing customers in Massachusetts (as used prior to the filing of this lawsuit, excluding the operations of U.S. Trust Strategic Trading), as well as its use of those Marks in national advertising and on its web site, were not at issue in this litigation and should not be affected by the Court's July 24, 2002 Opinion and Order ... Enjoining U.S. Trust New York from

using the USTrust Marks in Massachusetts.

(Docket No. 373 at 1).

The Boston Entities view the proposed order submitted by the New York Entity as overly broad, and suggest their own modification. The New York Entity "agrees with the proposed language to modify the Judgment." (Docket No. 376).

In their agreed modification, the parties adopt the following statements in the letter of August 11, 2000, to the Deputy Commissioner of Banks of Massachusetts:

1. The banking services of U.S. Trust are not currently being specifically marketed to investors residing within the Commonwealth of Massachusetts by either U.S. Trust [of New York] or Charles Schwab & Co., Inc. ("Schwab").

2. On May 31, 2000, the date on which U.S. Trust became affiliated with Schwab, all Schwab branches and offices in the Commonwealth were instructed to refrain from marketing any U.S. Trust banking services to existing or prospective Schwab customers residing in the Commonwealth.

3. . . . U.S. Trust [of New York] has the authority to act as a foreign fiduciary in the Commonwealth.

(Exhibit No. 42).

I will allow the proposed modification to which the parties have agreed, except that, for clarity, I make editorial modifications, not affecting substance, including a substitution of "are not enjoined" for the phrase "shall not be enjoined."

For these reasons, the Order below directs the clerk to enter an Amended Judgment, changing paragraph three of the original judgment to read as follows:

The plaintiffs are declared to be the owners of the marks USTRUST and UNITED STATES TRUST in Massachusetts and defendants are enjoined from use of those marks in the Commonwealth; *provided, however,* that defendants are not enjoined from: (1) using the marks in the Commonwealth in the same manner as defendants used those marks before this lawsuit was filed on December 6, 1999 and as articulated in the August 11, 2000 letter from the United States Trust Company of New York to the Deputy Commissioner of Banks for the Commonwealth (including, but not limited to, adherence to the non-referral policy expressed therein); (2) using the marks in national advertising not specifically directed to residents of the Commonwealth; and (3) using the marks on the Internet.

### III. The New York Entity's Motion for a Stay

The New York Entity seeks a stay of the Judgment of July 24, 2002 pending its appeal. The New York Entity states that a stay would "preserve the status quo" and is otherwise appropriate because, absent a stay, the New York Entity would suffer irreparable harm.

The New York Entity does not meet its burden of articulating specific facts that would support its claim. Moreover, the amendment to the judgment, explained above, obviates the basis for the New York Entity's claim that it will suffer irreparable harm.

Because I determine that the New York Entity has not shown a strong likelihood of success on the merits or imminent or probably irreparable injury, the Order below denies the motion for a stay.

### ORDER

For the reasons explained above, it is Ordered:

(1) Defendant's Motion for Stay of Judgment Pending Appeal (Docket No. 371, filed August 7, 2002) is DENIED;

(2) Defendant's Assented-to Motion for Leave to File Reply to Plaintiffs' Response to Request for Clarification and Suggested Modification of Proposed Order (Docket No. 375, filed August 23, 2002) is ALLOWED;

(3) Defendant's Request for Clarification or Amendment of Judgment Entered July 24, 2002 (Docket No. 370, filed August 7, 2002) is ALLOWED to the extent that the Judgment will be amended as described in Part II above, and is otherwise DISMISSED; and

(4) The clerk is directed to set forth on a separate document and Amended Judgment as follows:

For the reasons explained in the Opinion of July 24, 2002, and in the Memorandum and Order of August 27, 2002, it is ORDERED:

(1) The plaintiffs are declared to be lawful users of the domain name "ustrustboston.com";

(2) The plaintiffs are declared to be in lawful use of the marks USTRUST and UNITED STATES TRUST on their website at <http://www.ustrustboston.com> as long as they continue to append "of Boston" or "Boston" every time those terms are used;

(3) The plaintiffs are declared to be the owners of the marks USTRUST and UNITED STATES TRUST in Massachusetts and defendants are enjoined from use of those marks in the Commonwealth; *provided, however*, that defendants are not enjoined from: (1) using the marks in the Commonwealth in the same manner as defendants used those marks before this lawsuit was filed on December 6, 1999 and as articulated in the August 11, 2000 letter from the United States Trust Company of New York to the Deputy Commissioner of Banks for the Commonwealth (including, but not limited to, adherence to the non-referral policy expressed therein); (2) using the marks in national advertising not specifically directed to residents of the Commonwealth; and (3) using the marks on the Internet;

(4) The defendants are declared to be the owners of the marks USTRUST and UNITED STATES TRUST COMPANY outside the Commonwealth of Massachusetts and plaintiffs are enjoined from use of those marks in all respects unless they append "of Boston" or "Boston" every time those terms are used;

(5) Plaintiffs have not proved a claim for an award of damages against defendant, defendant has not proved a claim for an award of damages against any of the Boston Entities, and the court makes no award of damages;

(6) When any entity who is a nominal party to this action, an unnamed party in interest to this action, or a successor to a named party or party interest can demonstrate a material change in circumstances that requires that this judgment be amended, that party may, and to obtain an amendment of this judgment must, file a motion in this court, with notice to all other nominal parties, parties in interest, and their successors; and

(7) No attorneys' fees and no costs are awarded.

### Amended Judgment

For the reasons explained in the Opinion of July 24, 2002, and in the Memorandum and Order of August 27, 2002, it is ORDERED:

(1) The plaintiffs are declared to be lawful users of the domain name "ustrust-boston.com";

(2) The plaintiffs are declared to be in lawful use of the marks USTRUST and UNITED STATES TRUST on their website at <http://www.ustrust-boston.com> as long as they continue to append "of Boston" or "Boston" every time those terms are used;

(3) The plaintiffs are declared to be the owners of the marks USTRUST and UNITED STATES TRUST in Massachusetts and defendants are enjoined from use of those marks in the Commonwealth; *provided, however,* that defendants are not enjoined from: (1) using the marks in the Commonwealth in the same manner as defendants used those marks before this lawsuit was filed on December 6, 1999 and as articulated in the August 11, 2000 letter from the United States Trust Company of New York to the Deputy Commissioner of Banks for the Commonwealth (including, but not limited to, adherence to the non-referral policy expressed therein); (2) using the marks in national advertising not specifically directed to residents of the Commonwealth; and (3) using the marks on the Internet;

(4) The defendants are declared to be the owners of the marks USTRUST and UNITED STATES TRUST COMPANY outside the Commonwealth of Massachusetts and plaintiffs are enjoined from use of those marks in all respects unless they append "of Boston" or "Boston" every time those terms are used;

(5) Plaintiffs have not proved a claim for an award of damages against defendant, defendant has not proved a claim for an award of damages against any of the Boston Entities, and the court makes no award of damages;

(6) When any entity who is a nominal party to this action, an unnamed party in interest to this action, or a successor to a named party or party interest can demonstrate a material change in circumstances that requires that this judgment be amended, that party may, and to obtain an amendment of this judgment must, file a motion in this court, with notice to all other nominal parties, parties in interest, and their successors; and

(7) No attorneys' fees and no costs are awarded.